UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NAVIGATORS INSURANCE
COMPANY,

    Plaintiff,

v.                                              CASE NO.

MARKEL AMERICAN INSURANCE
COMPANY, and ELTON PORTER
MARINE INSURANCE AGENCY,

    Defendants.
_____/

## COMPLAINT

The Plaintiff, NAVIGATORS INSURANCE COMPANY ("NAVIGATORS"), hereby files this Complaint against Defendants, Markel American Insurance Company ("Markel"), and Elton Porter Marine Insurance Agency ("Porter Insurance Agency"), and alleges as follows:

**JURISDICTIONAL AND VENUE ALLEGATIONS**

1.    This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et. seq.*, and equitable subrogation action for damages against Defendant Markel.

2. NAVIGATORS seeks a declaration of its rights, duties and obligations under an Ocean Marine Policy of Insurance issued to named insured AGI Holdings Corporation, and bearing Policy No. SF06LIA467341 ("NAVIGATORS' Liability Policy"). A true and correct copy of the NAVIGATORS' Liability Policy is attached hereto as "Exhibit A."

3. NAVIGATORS also seeks a declaration of its rights, duties and obligations under an Ocean Marine Policy of Insurance issued to named insured AGI Holdings Corporation which provides the first layer of excess liability coverage and bears Policy No. SF06LIA467343 ("NAVIGATORS' Excess Policy No. 1"). A true and correct copy of the NAVIGATORS' Excess Policy No. 1 is attached hereto as "Exhibit B."

4. NAVIGATORS further seeks a declaration of its rights, duties and obligations under an Ocean Marine Policy of Insurance issued to named insured AGI Holdings Corporation which provides the second layer of excess liability coverage and bears Policy No. SF06LIA467345 ("NAVIGATORS' Excess Policy No. 2"). A true and correct copy of the NAVIGATORS' Excess Policy No. 2 is attached hereto as "Exhibit C."

5.  Finally, NAVIGATORS seeks the sums it advanced to fund the settlement of the claims of David L. Copeland, as Personal Representative of the Estate of Mark Copeland, Deceased; Jill Newby, as Personal Representative of the Estate of Thomas Newby, Deceased; and Mark Watters, in the underlying lawsuit entitled <u>In The Matter of the Complaint of BPR II LLC</u> and filed in the United States District Court, Middle District of Florida, Tampa Division, Case No. 8:07-cv-2146-T-26EAJ, which sums exceed $75,000.00.

6.  This is also an action for damages against Defendant Porter Insurance Agency due to its misrepresentations and failure to procure insurance.

7.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a). At all material times, Plaintiff and Defendants are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

8.  At all material times, NAVIGATORS is and was an insurance company organized and existing under the laws of the State of New York with its principal place of business in New York, New York, and is therefore a citizen of New York.

NAVIGATORS is authorized to conduct business and sell insurance in the State of Florida.

9. At all material times, Markel is and was an insurance company organized and existing under the laws of the State of Virginia with its principal place of business in Wisconsin, and is therefore a citizen of Virginia and Wisconsin. Markel is authorized to conduct business and sell insurance in the State of Florida.

10. At all material times, Porter Insurance Agency is and was a Texas business entity with its principal place of business in Houston, Texas.

11. Venue is proper in the Middle District, pursuant to 28 U.S.C. § 1391(a), because the underlying accident occurred off Casey Key, Florida and most, if not all, of the events or omissions giving rise to the claims occurred in this District. Additionally, the three underlying wrongful death/personal injury claims were litigated and settled in this District and the injuries and damages giving rise to those claims were sustained in this District.

## GENERAL ALLEGATIONS

12. On or about April 18, 2007, Markel issued Bill Pyburn and BPR Performance, LLC ("BPR") a Watercraft Insurance Policy bearing Policy No.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

UP2000032 ("Markel Primary Policy"). Markel's Primary Policy has a per occurrence $500,000 limit of liability. Upon information and belief, Markel also issued Bill Pyburn and BPR one or more excess liability policies with limits totaling $2,500,000 ("Markel Excess Policies").

13. Less than one month later, a 2008 38-foot Skater vessel was added to the Markel Primary Policy and Markel Excess Policies as an insured watercraft. Defendant Porter Insurance Agency was the procuring agent of the Markel Primary Policy and Markel Excess Policies.

14. On or about September 5, 2007, Bill Pyburn entered into an agreement wherein the insured 2008 38-foot Skater vessel was to participate in a photo shoot with Elhert Publishing Group, Inc. (d/b/a/ Powerboat Magazine), Robert Teague and Affinity Group, Inc.

15. As a result of the above-referenced September 5, 2007 agreement, Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Robert Teague, the anticipated operator of the 2008 Skater vessel during the photo shoot, were to be named as additional insureds to the Markel Primary Policy and Markel Excess Policies.

16. In addition to adding the 2008 Skater vessel as an insured watercraft, Defendant Porter Insurance Agency was asked to add Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Robert Teague as additional insureds under the Markel Primary Policy and Markel Excess Policies.

17. Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Mr. Teague are insureds under the above-referenced Primary and Excess Policies issued by NAVIGATORS.

18. Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Mr. Teague are or should have been named additional insureds under the above-referenced Primary and Excess Policies issued by Markel through Defendant Porter Marine Insurance Agency.

19. On September 11, 2007, Mark Copeland and Thomas Newby were the cameramen traveling in a helicopter piloted by Mark Watters during the course of a photo shoot of the Skater vessel which Robert Teague was operating on the navigable waters just off the west coast of Florida. During the course of the photo shoot, the helicopter and the 2008 Skater vessel allegedly collided with the result that Mark Copeland and Thomas Newby were killed, and Mark Watters was seriously injured.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

NAVIGATORS INS. CO. v. MARKEL AMERICAN INS.
CO., and ELTON PORTER MARINE INS. AGENCY

20. The September 11, 2007 incident was a covered claim under the Markel Primary and Excess Policies.

21. NAVIGATORS participated in the settlement of the wrongful death claims of the Estates of Mark Copeland and Thomas Newby, as well as the settlement of the personal injury claim of Mark Watters on behalf of its Insureds, Mr. Teague, Affinity Group, Inc. and Elhert Publishing, Inc. d/b/a Powerboat Magazine. Markel, on the other hand, had notice of the underlying litigation and the opportunity to defend or settle the claims and pay its primary and excess policy limits towards the settlements, but refused to do so, on behalf of its Insureds, Mr. Teague, Affinity Group, Inc. and Elhert Publishing, Inc. d/b/a Powerboat Magazine.

22. While Markel's Primary Policy contains an "Other Insurance" clause providing that its policy "is excess over any other valid and collectible insurance," it is NAVIGATORS' position that Markel's Primary Policy is primary for the entire loss, up to the policy limits, given the "Cover Elsewhere" clause in NAVIGATORS' Liability Policy.

23. There is a bona fide actual controversy, and a present practical need for a declaration of the rights and duties of, and obligations between NAVIGATORS and Markel under their respective policies of insurance.

-7-

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

24. NAVIGATORS is in doubt as to its rights, duties and obligations under its policies and seeks a declaration regarding those rights, duties and obligations.

25. Moreover, NAVIGATORS and Markel have an actual, present, adverse, and antagonistic interest in the subject matter of this action.

26. Finally, Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Robert Teague have executed an Assignment of Claims and Causes of Action transferring all rights to any claims against Defendant Porter Insurance Agency, including failure to procure insurance and misrepresentation, in connection with the subject September 11, 2007 incident to Plaintiff NAVIGATORS.

## COUNT I - DECLARATORY RELIEF
## (AS TO DEFENDANT MARKEL)

27. NAVIGATORS incorporates and realleges Paragraphs 1 thru 26 above as if fully set forth herein.

28. The "Cover Elsewhere" or what is traditionally known as the "escape" clause in NAVIGATORS' Liability Policy provides:

> Where the Insured is covered or protected against any loss or claim which would otherwise have been paid by the Company under this policy, there shall be **no contribution**, on the basis of double insurance or otherwise by this Company if other insurance applies.

[Exhibit A, p. 18].

-8-

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

29. The "Other Insurance" clause in Markel's Primary Policy, on the other hand, states: "This policy is excess over any other valid and collectible insurance."

30. Applying the "Cover Elsewhere" clause of NAVIGATORS' Liability Policy and the "Other Insurance" provision of Markel's Primary Policy means that Markel was obligated to provide primary coverage and that NAVIGATORS' Liability Policy therefore affords no coverage for the claims arising from the September 11, 2007 incident. *See* Continental Casualty Co. v. Weekes, 74 So. 2d 367 (Fla. 1954); Calder Race Course, Inc. v. Hialeah Race Course, Inc., 389 So. 2d 215 (Fla. 3d DCA 1980); American Bankers Insurance Co. of Florida v. Leatherby Insurance Co., 350 So. 2d 353 (Fla. 2d DCA 1977), *adopted by*, 371 So. 2d 488 (Fla. 1979); Continental Casualty Co. v. Old Republic Insurance Co., 2007 WL 4365719 (S.D. Fla. 2007), *affirmed*, 315 Fed. Appx. 232 (11th Cir. 2009).

WHEREFORE, Plaintiff NAVIGATORS INSURANCE COMPANY respectfully requests this Court to enter a judgment determining and declaring the rights, duties and obligations of NAVIGATORS and Markel under their respective insurance policies, award defense attorney's fees and costs to NAVIGATORS, and grant such further and supplemental relief as it deems necessary and proper, including the following:

-9-

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

(a) Declaring that the Markel Watercraft Insurance Policy is primary and NAVIGATORS' Liability Policy thus does not afford coverage for the subject claims pursuant to that Policy's "Cover Elsewhere" clause.

(b) Establishing the priorities of coverage and maximum limits under each and all of the policies issued by NAVIGATORS and Markel.

(c) Such further determinations, declarations and relief as the Court deems proper and necessary.

## COUNT II - EQUITABLE SUBROGATION
## (AS TO DEFENDANT MARKEL)

31. NAVIGATORS incorporates and realleges Paragraphs 1 thru 30 as if fully set forth herein.

32. NAVIGATORS' Liability and Excess Policies are excess over all primary and excess policies issued by Markel.

33. It was Markel's responsibility to pay the settlements of the underlying three claims up to the limits of its primary and excess policies, but Markel refused to do so.

34. The sums NAVIGATORS paid to settle the underlying three claims should have been paid by Markel.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

35. As a result of Markel's failure to fulfill its primary and excess obligations, NAVIGATORS has unjustly paid sums to settle the claims against its insured, Robert Teague.

36. NAVIGATORS' payment of the settlements satisfied an obligation rightfully owed by Markel.

37. NAVIGATORS' payment on behalf of its insureds, Robert Teague, Affinity Group, Inc. and Elhert Publishing, Inc. d/b/a Powerboat Magazine was not made as a volunteer.

38. As a direct and proximate result of the facts alleged above, Markel has received a windfall by its failure to pay its primary and excess policy limits, as it was obligated to do.

39. Markel has also received a windfall and NAVIGATORS has unjustly lost interest on and/or the value of the loss of use of all sums it has paid towards the settlement of the underlying three claims and is continuing to suffer this loss.

40. The windfall obtained by Markel is unjust, such that equity and fairness dictate that NAVIGATORS should be reimbursed for those sums it has paid together with interest.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

41. NAVIGATORS' insured, Robert Teague, has been fully protected and released from the three claims in the underlying lawsuit as a result of NAVIGATORS' payments.

42. Recovery against Markel for all sums NAVIGATORS has paid, together with attorney's fees, costs and interest, would not work an injustice to the rights of any third party.

WHEREFORE, Plaintiff NAVIGATORS INSURANCE COMPANY demands judgment against Defendant Markel American Insurance Company for the sums it has paid towards the settlements of the three claims in the underlying lawsuit together with prejudgment and postjudgment interest on those sums, attorney's fees, costs, and any other relief this Court deems equitable, just and proper.

## COUNT III – FAILURE TO PROCURE INSURANCE (AS TO DEFENDANT PORTER INSURANCE AGENCY)

43. NAVIGATORS incorporates and realleges Paragraphs 1 thru 26 above as is fully set forth herein.

44. On or about September 5, 2007, Defendant Porter Insurance Agency was asked to add Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Robert Teague as additional insureds to the Markel Primary Policy and Markel Excess Policies.

-12-

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

45. In consideration for payment of the corresponding premium, Defendant Porter Insurance Agency orally agreed to have Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Robert Teague added as additional insureds to the Markel Primary Policy and Markel Excess Policies.

46. When one or more of the foregoing requested additional insureds notified Defendant Porter Insurance Agency of the September 11, 2007 incident and anticipated corresponding claims, Defendant Porter Insurance Agency indicated that Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Robert Teague had not been added as additional insureds to the Markel Primary Policy and Markel Excess Policies.

47. By reason of Defendant Porter Insurance Agency's failure to procure liability insurance on behalf of Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Robert Teague, NAVIGATORS has suffered damages in the amount of the settlement payments it made in the personal injury and wrongful death claims against Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Robert Teague arising from the September 11, 2007 incident.

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

WHEREFORE, Plaintiff NAVIGATORS INSURANCE COMPANY respectfully requests this Court to enter a judgment against Defendant Elton Porter Marine Insurance Agency for compensatory damages, together with prejudgment and postjudgment interest on those damages, attorney's fees, costs, and any other relief this Court deems equitable, just and proper.

## COUNT IV – NEGLIGENT MISREPRESENTATION
## (AS TO DEFENDANT PORTER INSURANCE AGENCY)

48. NAVIGATORS incorporates and realleges paragraphs 1 thru 26 above as is fully set forth herein.

49. On or about September 5, 2007, Defendant Porter Insurance Agency misrepresented to Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Robert Teague that they were being named as additional insureds to Markel's Primary and Excess Policies.

50. When one or more of the foregoing requested additional insureds notified Defendant Porter Insurance Agency of the September 11, 2007 incident and anticipated corresponding claims, Defendant Porter Insurance Agency indicated that Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Robert Teague had not been added as additional insureds to the Markel Primary Policy and Markel Excess Policies.

-14-

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131-3302 • (305) 789-9200

51. In fact, Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Robert Teague were not added as additional insureds to any of the Markel Insurance Policies. Defendant Porter Insurance Agency's misrepresentations were made with knowledge of their falsity and with the intent to induce Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Robert Teague to rely on them.

52. As a result of Defendant Porter Insurance Agency's misrepresentations, NAVIGATORS suffered severe damages in amount of the settlement payments it made in the personal injury and wrongful death claims against Affinity Group, Inc., Elhert Publishing Group, Inc. (d/b/a Powerboat Magazine) and Robert Teague arising from the September 11, 2007 incident.

WHEREFORE, Plaintiff NAVIGATORS INSURANCE COMPANY respectfully requests this Court to enter a judgment against Defendant Elton Porter Marine Insurance Agency for compensatory damages, together with prejudgment and postjudgment interest on those damages, attorney's fees, costs, and any other relief this Court deems equitable, just and proper.

NAVIGATORS INS. CO. v. MARKEL AMERICAN INS.
CO., and ELTON PORTER MARINE INS. AGENCY

DATED this 21st day of January, 2010.

Respectfully submitted,

*Allan R. Kelley*
Allan R. Kelley
Fla. Bar No. 309893
FOWLER WHITE BURNETT P.A.
*Attorneys for Navigators Insurance Company*
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201

[axg] W:\77772\COMPLA46-Dec Relief-Equitable Subrogation-Misrep-Failure to Procure -- Version 2.EEG{1/21/10-16:35}